1   WILLIAM R. HILL, #114954
    rock@donahue.com
2   JOHN C. KIRKE, #175055
    johnk@donahue.com
3   ARIANA SELDMAN HAWBECKER, #190506
    ariana@donahue.com
4   DONAHUE GALLAGHER WOODS LLP
    Attorneys at Law
5   300 Lakeside Drive, Suite 1900
    Oakland, California  94612-3570
6   P.O. Box 12979
    Oakland, California  94604-2979
7   Telephone:    (510) 451-0544
    Facsimile:    (510) 832-1486
8
    Attorneys for Plaintiff
9   ZAP

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  ZAP, a California corporation, | CASE NO. C 07 2689 PJH |
| 14          Plaintiff, | **NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 15          v. | |
| 16  INTERNATIONAL MONETARY GROUP, INC., a Delaware corporation; | Date:       July 25, 2007 |
| 17  MICHAEL C. SCHER dba THE LAW OFFICES OF MICHAEL C. SCHER; and | Time:       9:00 a.m. |
| 18  DOES 1 through 10, inclusive. | Courtroom: 3, 17th Floor |
| 19          Defendants. | |

20

21

22

23

24

25

26

27

28

1        <u>**NOTICE OF MOTION AND MOTION**</u>

2        **TO DEFENDANTS INTERNATIONAL MONETARY GROUP, INC., MICHAEL**

3  **C. SCHER D/B/A THE LAW OFFICES OF MICHAEL C. SCHER, AND THEIR**

4  **ATTORNEYS OF RECORD:**

5        PLEASE TAKE NOTICE THAT ON July 25, 2007, at 9:00 a.m. or as soon thereafter as

6  the matter may be heard, in the courtroom of Judge Phyllis J. Hamilton located at the United

7  States District Court, 450 Golden Gate Avenue, San Francisco, California, Courtroom 3, 17th

8  Floor, plaintiff ZAP will and hereby does move to remand this case to state court pursuant to 28

9  U.S.C. §1447(c) (1996).

10        This motion is made on the grounds that the Notice of Removal is untimely, having been

11  filed more than thirty days after service of the Complaint, where knowledge of the purported

12  grounds for removal were evident on the face of the Complaint.  Remand is also warranted due to

13  defendants' filing of a motion to dismiss the action and a motion for protective order in state court

14  and taking other action in state court inconsistent with a right to remove.  This motion is based on

15  this Notice of Motion and the Declaration of William R. Hill filed herewith, and upon the papers,

16  records, and pleadings on file herein.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-1-

1

## POINTS AND AUTHORITIES

2

### INTRODUCTION AND STATEMENT OF FACTS

3    ZAP filed its complaint against International Monetary Group, Inc. ("IMG") and Michael

4    C. Scher ("Scher")[1] in Sonoma County Superior Court on March 1, 2007. Hill Decl. ¶ 2. ZAP

5    served defendants on March 2[2] and March 5, 2007. Id. at ¶¶ 3-4 and Exhs. A and B. Following

6    service, defense counsel contacted ZAP's counsel on March 8, 2007, to discuss the possibility of

7    resolving the case and to request an extension of time to file a responsive pleading. Id. at ¶ 5 and

8    Exh. C. On or about April 10, 2007, defendants attempted to file (1) an application for extension

9    of time to file a responsive pleading; and (2) application for *pro hac vice* admission, file-endorsed

10    copies of which were never served on ZAP. Id. at ¶ 6 and Exh. D. On May 8, 2007, defendants

11

12    [1] Mr. Scher's name was mistakenly listed as Sher. Upon learning of this error, ZAP requested that
defendants stipulate to an amendment to the Complaint, to which no response was received prior
13    to the filing of the Notice of Removal or this Motion for Remand.

14    [2] Substantial compliance with requirements for service of process on defendants located outside
of California is sufficient to confer jurisdiction. Dill v. Berquist Constr. Co.,
15    24 Cal.App.4th 1426 (1994). A summons may be served on a California or foreign corporation
by delivering a copy of the summons to "the person designated as agent for service of process".
16    Cal. Code of Civ. Proc. § 416.10(a) (West 2007). In California, an agent for service of process
may authorize employees to accept delivery of a copy of any such process. Cal. Corp. Code
17    § 1505(a)(3) (West 2007). Susan Czaplicki presented herself as an employee authorized to accept
service of process. See Exh. A, ¶ 5. Such ostensible authority is sufficient for service of process.
18    "Where there has been service upon a corporate agent with ostensible authority to accept it,
jurisdiction is established" and a claim of defective service should be dismissed. Gibble v. Car-
19    Lene Research, Inc., 67 Cal.App.4th 295, 313 (1998) (citing Pasadena Medi-Center Assocs. v.
Super. Ct. , 9 Cal.3d 773, 777 (1973)).
20

21    Because IMG did not have an agent authorized for service of process within California as
prescribed by Cal. Corp. Code § 2105(a)(4) (West 2007), the court may consider that serving an
22    employee authorized under the local law to be substantial compliance sufficient to confer
jurisdiction. Further, compliance with the law of the place where service was made, especially
23    when service within California is not reasonable, is an alternative basis for jurisdiction. See Cal.
Code of Civ. Proc. § 413.10(b) (West 2007) (service on persons outside of California may be
24    prescribed by the law of the place where the service is made). Florida (where IMG was served)
permits service on a private corporation to be made on employees of the registered agent in
25    certain circumstances. Fla. Stat. Ann. § 48.081(3) (West 2007). Florida law requires a registered
agent to be available for service at the registered office weekdays from 10 a.m. until 12 p.m. Fla.
26    Stat. Ann. § 48.091(2) (West 2007). When a corporation fails to provide an agent for service of
process during the required hours, as IMG did, service "shall be permitted on any employee at the
27    corporation's principal place of business or on any employee of the registered agent." Fla. Stat.
Ann. § 48.081(3)(a) (West 2007). Service in compliance with Florida law gave proper notice to
28    IMG, met the requirements of due process, and substantially complied with California law.
Therefore, service was effective March 2, 2007.

-2-

1   provided ZAP with a copy of a Motion to Quash Service of Summons or Dismiss Action for an

2   Inconvenient Forum but never provided notice of a hearing date. Id. at ¶ 8. Only by contacting

3   the court on June 1, 2007, did ZAP learn that the motion to quash papers were filed in state court

4   on May 22, 2007 (the day *after* the Notice of Removal) and that a hearing was set for June 13,

5   2007. Id. at ¶ 8. In addition, on June 5, 2007, defendants provided ZAP with a Motion for

6   Protective Order, which they apparently intend to file in state court. Id.

7           Despite defendants' representation in the Notice of Removal that they were served on

8   April 19, 2007, it is clear that they were served more than a month earlier. Defense counsel's call

9   to ZAP's counsel in March, a few days after service, shows that counsel had been provided a

10  service copy of the Complaint by March 8, 2007. Moreover, correspondence sent on April 10,

11  2007, discussing the merits of the Complaint and jurisdictional issues shows that defendants were

12  aware of facts supporting removal by at least this date.

13          Thus, the thirty-day deadline to remove had long passed prior to the filing of the removal

14  notice and defendants waived their right to remove this action to Federal Court by participating in

15  proceedings in state court.

16                                          **ARGUMENT**

17  I.      **DEFENDANTS' REMOVAL IS UNTIMELY.**

18          A notice of removal of a civil action must be filed within thirty days of the date that

19  defendant becomes aware of the grounds for removal. 28 U.S.C. §1446(b) (1996). Specifically,

20  28 U.S.C. §1446(b) states as follows:

21                  The notice of removal of a civil action or proceeding shall be filed
                    within thirty days after receipt by the defendant, through service of
22                  process or otherwise, of a copy of the initial pleading setting forth
                    the claims for relief upon which such action or proceeding is
23                  based ...

24  The thirty-day deadline is narrowly construed and strict compliance is required. Antares Oil

25  Corp. v. Jones, 558 F. Supp. 62, 63 (D.Colo. 1983) (case remanded because petition for removal

26  filed thirty-one days after service of process); Transport Indem. Co. v. Financial Trust Co., 339 F.

27  Supp. 405, 409 (C.D. Cal. 1972) (second-served defendant could not remove because removal

28  filed more than thirty days after first defendant served). This is in accordance with "the

                                              -3-

1    longstanding principle that the removal statutes are to be construed strictly, narrowly and against

2    removal". <u>Carter v. Building Material and Constr.</u>, 928 F.Supp. 997, 999 (N.D. Cal. 1996)

3    (internal citations omitted).

4           Defendants were served with a copy of the Complaint on March 2 and March 5, 2007,

5    respectively. Because federal law provides that the thirty-day removal period begins to run when

6    the first defendant is served, the notice of removal should have been filed by April 2, 2007. <u>See</u>

7    <u>Transport Indem. Co.</u>, 339 F. Supp. at 409.

8           Defendants' claim that they were not served until April 19, 2007, is belied by the evidence

9    submitted here. The actions of defendants show that defendants had in their possession a copy of

10   the Complaint by at least March 8, 2007, the date defense counsel contacted ZAP's counsel

11   acknowledging receipt of the Complaint and requesting an extension of time to respond. Because

12   there is no evidence that defendants were provided a copy of the Complaint by any means other

13   than through service of summons as set forth in the Proofs of Service, the timing of this contact

14   shows that they indeed were served on March 2 and 5, 2007. Hill Decl. at ¶¶ 3-5, 9. Moreover,

15   in a letter sent April 10, 2007, defense counsel discussed the merits of the Complaint and

16   proposals for resolution as well as jurisdictional issues that would not have been known had

17   service not be accomplished. Therefore, it is clear that defendants became aware of the existence

18   of the Complaint well before April 19, 2007.

19         Because defendants failed to remove this case within thirty days of service of the

20   Complaint on IMG, defendants' removal is procedurally defective and the case should be

21   remanded to the Sonoma County Superior Court.

22   **II.    DEFENDANTS' USE OF STATE COURT PROCEEDINGS WAIVES THEIR**

23   **RIGHT TO REMOVAL.**

24         By filing a motion to quash the subpoena and dismiss this action in state court, the

25   defendants actively sought a decision on the merits of this case and thus waived their right to

26   removal. <u>See Heafitz v. Interfirst Bank of Dallas</u>, 711 F. Supp. 92, 96-97 (S.D.N.Y. 1989) (filing

27   motion to dismiss indicated an intent to litigate in state court and thus waived defendant's right to

28   removal even though district court had subject matter jurisdiction and removal petition was

-4-

1   timely); accord, Scholz v. RDV Sports, Inc., 821 F. Supp. 1469, 1471-72 (M.D. Fla. 1993).

2   Moreover, defendants' filing of an application for admission *pro hac vice* in Sonoma County

3   Superior Court the day after they filed their Notice of Removal and their apparent intention to file

4   a Motion for Protective Order indicates their consent to the jurisdiction of the state court to decide

5   the merits of this case and waives their right to proceed in federal court.

6                                    **CONCLUSION**

7          For the foregoing reasons, this case should be remanded and ZAP should be awarded its

8   reasonable attorneys' fees and costs.

9   Dated: June 14, 2007                      DONAHUE GALLAGHER WOODS LLP

10

11                                      By: _William N. Hill_____

12                                           William R. Hill
                                             Attorneys for Plaintiff
13                                           ZAP

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -5-