WILLIAM R. HILL, #114954
rock@donahue.com
JOHN C. KIRKE, #175055
johnk@donahue.com
ARIANA SELDMAN HAWBECKER, #190506
ariana@donahue.com
DONAHUE GALLAGHER WOODS LLP
Attorneys at Law
300 Lakeside Drive, Suite 1900
Oakland, California 94612-3570
P.O. Box 12979
Oakland, California 94604-2979
Telephone:     (510) 451-0544
Facsimile:      (510) 832-1486

Attorneys for Plaintiff
ZAP

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAP, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL MONETARY GROUP, INC., a Delaware corporation; MICHAEL C. SCHER dba THE LAW OFFICES OF MICHAEL C. SCHER; and DOES 1 through 10, inclusive.<br><br>Defendants. | CASE NO. C 07 2689 PJH<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO ZAP'S MOTION FOR REMAND**<br><br>Date:         July 25, 2007<br>Time:        9:00 a.m.<br>Courtroom: 3, 17th Floor |

## INTRODUCTION

As set forth in Plaintiff's Motion to Remand ("Motion"), ZAP filed its Complaint in this action on March 1, 2007. Although Defendants state that IMG was provided with a copy of the Summons and Complaint on the day it was filed, they claim (1) that they did not know that IMG's registered agent for service of process was served on March 2, 2007 and (2) that service on Scher was defective and not completed until April 19, 2007. In contradiction to these claims, less than a week after the Complaint was filed, counsel for both IMG and Scher requested an extension of time to respond to the Complaint, which would have been unnecessary had they not been served. Moreover, over a week before the time Scher was purportedly served, Defendants filed an application for *pro hac vice* admission for their Florida counsel to appear on behalf of both Defendants in California state court.

This is not a case where there is any evidence that Plaintiff delayed service on one Defendant in order to preclude removal by the other Defendant by leaving that Defendant "in the dark." Scher and IMG are not completely independent parties. Scher is in-house counsel for IMG and they have the same counsel representing them in this matter, who, since at least March 8, 2007, acknowledged he represented both Defendants and that both Defendants' time to respond to the Complaint had begun to run.

Because all doubts are to be decided against removal and Plaintiff has shown that Defendants' removal was untimely, the Motion should be granted.

Moreover, just as their Notice of Removal was never served on ZAP, Defendants' Opposition was never properly served. In fact, an electronic copy was only provided two days before Plaintiff's Reply was due and only because ZAP requested it. This untimely Opposition also provides grounds for Remand.

## ARGUMENT

### I. DEFENDANTS' OPPOSITION IS UNTIMELY.

This Motion is set to be heard on July 25, 2007. Pursuant to Local Rule 7-3, Defendants' Opposition was to be filed and served not less than 21 days before the hearing date. Defendants

filed their Opposition 20 days before the hearing date but did not serve Plaintiff at that time.[1] In fact, Defendants did not provide a copy of the Opposition to Plaintiff until July 9, 2007 and only at Plaintiff's specific request. Hawbecker Decl. ¶ 4. This late service prejudiced Plaintiff's ability to prepare a thorough and timely Reply. See Brae Asset Funding, L.P. v. Applied Financial, LLC, 2006 WL 2355474 (N.D. Cal. 2006) (striking late-filed opposition).

## II. DEFENDANTS' REMOVAL IS UNTIMELY.

As noted in the Motion, a notice of removal of a civil action must be filed within thirty days of the date that defendant becomes aware of the grounds for removal through service or otherwise. 28 U.S.C. §1446(b). Defendants cite to one case in the Northern District of California that departs from the majority rule that the thirty-day period begins to run when the first defendant was served. In that case, Ford v. New United Motors Manufacturing, Inc., 857 F.Supp. 707 (N.D. Cal. 1994), the court declined to follow the majority of cases holding that in multiple-defendant actions, any defendant wishing to remove must do so within thirty-days of service on the first defendant, also referred to as the "first-served rule". However, the Ninth Circuit has not settled the issue of whether or not the first-served rule should apply in this circuit nor have other decisions in the Northern District adopted this as the rule for the Northern District of California. See Big B Automotive Warehouse Distributors, Inc. v. Cooperative Computing, Inc., 2000 WL 1677948 (N.D. Cal. 2000) at n.4 (recognizing split in the Ninth Circuit on whether the first-served or last-served rule should apply).

In Big B, the court held that because the defendants were closely related and shared the same attorneys and agents for service of process, the first-served rule should apply. Id. at n.4. Likewise, in Olsen v. Foundation Health Plan, 1999 WL 390842 (N.D. Cal. 1999), the court held the first-served rule applied. In doing so, the court reasoned that the Ford decision noted a "concern that plaintiffs might be 'circumventing the rights afforded to defendants by deliberately manipulating the timing of service in an effort to secure a state-forum'" because it served the defendants two weeks apart. Olsen at *3.

---

[1] Because the Opposition was filed manually, Plaintiff is unable to access the actual documents via PACER.

1  In this case, the facts show that the first-filed rule should apply. There is no evidence that Plaintiff intentionally delayed service of Scher in order to avoid removal. Although the process server's service on Scher may have been defective, the service attempt was nonetheless made within three days of service on IMG.[2] Likewise, as set forth in detail in the Motion, it is clear that counsel for both Defendants was aware that they had been sued by March 8, 2007, when he asked for an extension of time to for *both Defendants* to respond, noting as follows:

> We discussed your providing the Defendants with a 30-day extension to respond to the Complaint. Thank you, and I will send you a letter regarding issues my clients have with the complaint with the hope that we can amicably and expeditiously resolve this action. See Hill Decl. Exh. C.

Defense counsel agreed on March 8 that both IMG and Scher would respond to the Complaint by May 7, 2007. Id. For defendants to now claim that they did not know they had been served, or were not served with the Complaint until April 19, 2007, is inconsistent with the writings of their own counsel. In none of the exchanges with counsel for ZAP on March 8, 2007 did counsel for Defendants claim improper or no service of the Complaint or even request a copy of the Complaint.[3] Because any doubts as to proper service should be resolved in favor of remand, ZAP's Motion should be granted. See Big B Automotive at *3. Applying the Ford rationale to this case and allowing IMG to "consent" to Scher's removal, when both Defendants have always been represented by the same counsel, who was aware of the Complaint at least by March 8, 2007, essentially abolishes the doctrine of waiver and contravenes the policy disfavoring federal jurisdiction over removed cases.

---

[2] IMG's claim that ZAP faxed it a copy of the Complaint on March 1, 2007 is incorrect. The document it attaches as Exhibit E is a copy of the Summons filed through a "Fax and File" service. Hawbecker Decl. ¶ 5. Because it was filed in this manner, the Summons subsequently served on IMG contained the facsimile number of counsel for ZAP. Id. Defendants have submitted no evidence showing how they came to receive this document that would contravene this explanation. Therefore, if this document was in the possession of IMG, it is logical to conclude that this is a copy of the document served on IMG's agent.

[3] Defendants' assertion that ZAP did not raise the issue of service before filing the Motion to Remand is incorrect. See Opp. at ¶ 10. On May 25, 2007, ZAP informed Defendants that their Notice of Removal was untimely, having been filed more than seventy days after service, and that if Defendants would not withdraw their Notice of Removal, ZAP would file a Motion to Remand. Hawbecker Decl. ¶ 2 and Exh. A.

1  There is no dispute that IMG was served with a copy of the Complaint on March 2, 2007 and that counsel for both Defendants had the Complaint and knew of its contents on March 8, 2007. Therefore, Defendants waived their right to remove by waiting until May 21, 2007 to file their Notice of Removal, which to date has not been served on ZAP. Hawbecker Decl. ¶ 3.

### III. DEFENDANTS DO NOT CONTEST THAT THEIR USE OF STATE COURT PROCEEDINGS WAIVES THEIR RIGHT TO REMOVAL.

The Opposition admits that Defendants filed a motion for *pro hac vice* admission as well as a motion to quash service of summons in State court before removing this action and does not challenge ZAP's claim that Defendants waived their right to remove by actively seeking a decision on the merits in State court. Defendants' waiver of their right to removal by indicating an intent to litigate in State court is therefore established.

Defendants' consent to the jurisdiction of the State court to decide the merits of this case and the longstanding Federal rule against the removability of state cases favor remand of this case to Sonoma County Superior Court.

### CONCLUSION

For the foregoing reasons, this case should be remanded.

Dated: July 11, 2007                    DONAHUE GALLAGHER WOODS LLP

By: _____
John C. Kirke
Attorneys for Plaintiff
ZAP

-4-

REPLY RE MOTION FOR REMAND                    CASE NO. C 07 2689 PJH